UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Phillip Douglas Jacobs,					Case No.  3:16-cv-01908

		Plaintiff

v.							MEMORANDUM OPINION
							AND ORDER

Gary Mohr, et al.,

		Defendants


**BACKGROUND AND HISTORY**

*Pro se* Plaintiff Phillip Douglas Jacobs filed the above-captioned action under 42 U.S.C. § 1983 against Ohio Department of Rehabilitation and Correction ("ODRC") Director Gary Mohr, Marion Correctional Institution ("MCI") Corrections Officer Crawford, MCI Unit Manager J. Ferguson, MCI Sergeant W. Griffith, and MCI Inmate Evans.  In the Complaint, Plaintiff alleges Crawford addressed him using profane language.  He further alleges she and Evans announced to the occupants and staff of the disciplinary housing unit that Plaintiff was under investigation for making inappropriate sexual advances toward another inmate.  He seeks compensatory and punitive damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*.  That Application is denied and this action is dismissed.

Plaintiff's Complaint is a bit disjointed and, and times, difficult to interpret. It appears to be a continuation of events alleged in another civil rights action before me, which Plaintiff filed on June 6, 2016. *See Jacobs v. Mohr*, No. 3:16-cv-01374 (ND Ohio filed June 6, 2016). Crawford is named as a Defendant in that action and the allegations against her are similar to those alleged in this Complaint.

Plaintiff is incarcerated in MCI serving a life sentence for murder, felonious assault, and aggravated robbery. He is currently housed in the 2-Dorm, which he describes as a disciplinary dorm. He alleges that on July 17, 2016, inmate Brinkley attacked a corrections officer. Brinkley claimed his actions were caused by Plaintiff's unwanted sexual advances. Plaintiff had had a prior complaint from an inmate who accused him of sexual harassment in May 2014. *See Jacobs v. Mohr*, No. 3:16-cv-01374 (ND Ohio filed June 6, 2016) (Doc. No. 1-4 at 1). MCI prison personnel conducted an investigation into those allegations and concluded in June 2014 that the charge could not be substantiated. *Id.*

Plaintiff claims Crawford and Inmate Evans approached him in the 2-Dorm and confronted him about Brinkley's accusations. He contends Crawford indicated she and her supervisors were conducting an investigation, referred to the prior sexual harassment charge, and told Plaintiff to stop telling others that Brinkley had a mental health disorder. He alleges she also addressed him by using profanity, and invited him to refuse to lock in his cell so he could be sent to O-Block, which is segregation. He claims she walked the floor of 2-Dorm raving about the incident with Brinkley and insulting Plaintiff. He alleges that this caused some of the other prisoners in the dorm to glare at him from a distance. He states other prisoners approached him in a threatening manner. He claims Crawford is acting as part of a plan to aggravate his preexisting heart condition in an attempt to cause his death.

## STANDARD OF REVIEW FOR 28 U.S.C. § 1915(G)

Pursuant to 28 U.S.C. §1915(a), a court may authorize the commencement of an action without prepayment of fees if an applicant has shown by affidavit that he satisfies the criterion of poverty. Prisoners, however, become responsible for paying the entire amount of their filing fees and costs from the moment they file the Complaint. 28 U.S.C. §1915(b); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (1997). When an inmate seeks pauper status, the only issue for the Court to determine is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. *Id.* Moreover, absent imminent danger, the benefit of the installment plan is denied to prisoners who have on three or more prior occasions, while incarcerated, brought an action that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief could be granted. 28 U.S.C. §1915(g).

In interpreting the "three strike" language of this section, the Sixth Circuit Court of Appeals determined that "where a Complaint is dismissed in part without prejudice for failure to exhaust administrative remedies and in part with prejudice because 'it is frivolous, malicious, or fails to state a claim upon which relief may be granted,' the dismissal should be counted as a strike under 28 U.S.C. §1915(g)." *Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007). Dismissals of actions entered prior to the effective date of the Prisoner Litigation Reform Act also are counted toward the "three strikes referred to in 28 U.S.C. §1915(g)." *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998).

As the language of 28 U.S.C. §1915(g) indicates, the three strike provision will not apply if a "prisoner is under imminent danger of serious physical injury." For the purposes of interpreting the statute, a Court must consider whether Plaintiff is in imminent danger at the time of the filing of the Complaint. *Vandiver v. Vasbinder*, No. 08–2602, 2011 WL 1105652, at *2 (6th Cir. 2011) ("[T]he plain language of §1915(g) requires the imminent danger to be contemporaneous with the Complaint's filing."). Although the Sixth Circuit has not offered a precise definition of "imminent

3

danger," it has suggested that the threat of serious physical injury "must be real and proximate." *Rittner v. Kinder*, No. 06–4472, 2008 WL 3889860 (6th Cir. Aug. 20, 2008). Conclusory or vague allegations of some potential danger or likelihood of imminent danger are insufficient to satisfy the exception to the three strikes rule. *Thompson v. Sampson*, No. 1:10 CV 231, 2010 WL 1027897, at *3 (W.D. Mich. Mar. 18, 2010). Similarly, a prisoner with three strikes falls outside the exception when he is no longer in danger at the initiation of proceedings in federal court. *Vandiver*, No. 08–2602, 2011 WL 1105652, at *2. Moreover, the imminent danger exception "is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver*, 2011 WL 1105652, at *3; *see Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) (suggesting that Courts should focus solely on the facts alleged in the Complaint when deciding whether a prisoner faces imminent danger).

## ANALYSIS

Plaintiff has accumulated three strikes within the meaning of 28 U.S.C. § 1915(g). Specifically, Plaintiff filed *Jacobs v. Wilkinson*, No. 3:03 CV 7028 (N.D. Ohio dismissed April 21, 2003); *Jacobs v. Wilkinson*, 1:96 CV 1133 (S.D. Ohio dismissed Aug. 19, 1998); and *Jacobs v. Hall*, No. 3:08 CV 1262 (N.D. Ohio dismissed Oct. 3, 2008), which were dismissed as frivolous. In addition, Plaintiff's appeal in *Jacobs v. Hall* was denied by the Sixth Circuit on the ground that it was frivolous. Plaintiff's *In Forma Pauperis* status was denied under 28 U.S.C. §1915(g) in *Jacobs v. Collins*, No. 2:09 CV 282 (S.D. Ohio Sept. 21, 2009), and on appeal of that decision to the Sixth Circuit. He was denied *In Forma Pauperis* status under 28 U.S.C. §1915(g) in *Jacobs v. Mohr*, 3:11 CV 2294 (N.D. Ohio Jan. 5, 2012).

Because Plaintiff has three strikes pursuant to 28 U.S.C. §1915(g), I must decide whether he has adequately pled that he was under "imminent danger of serious physical injury" at the time he filed his Complaint. In his Complaint, Plaintiff describes an incident which took place on July 18,

4

2016. His Complaint was postmarked July 27, 2016. He contends Crawford addressed him using profanity. That action did not place him in imminent danger of serious harm. He claims Crawford and Inmate Evans ranted about Brinkley's accusations against Plaintiff within earshot of others in the dorm. He contends that other prisoners in the dorm glared at him from a distance, and some approached him in a threatening manner. He does not provide any other facts to suggest what the inmates were doing that made him feel threatened. Although Plaintiff states in a conclusory manner that he is "under imminent danger of serious physical injury," he does not provide sufficient facts to demonstrate a plausible, not merely a possible, threat of imminent danger. The exception to § 1915(g) does not apply in this case.

Moreover, Plaintiff brought a prior action against Crawford, Mohr, Griffith, and Ferguson claiming they are conspiring to endanger his health and safety. That action is still pending before me. *See Jacobs v. Mohr*, No. 3:16-cv-01374 (ND Ohio filed June 6, 2016). Any issue regarding Plaintiff's immediate safety with respect to his claim that Crawford is acting as part of a plan to aggravate his preexisting heart condition can be addressed in that case.

## CONCLUSION

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is denied. This action is dismissed without prejudice. If Plaintiff wishes to proceed with this case, he must pay the full filing fee of $400.00 and file a Motion to Reopen Case, within thirty days. The Court will not accept the Motion to Reopen Case unless it is accompanied by the full filing fee. No other documents will be accepted for filing until the filing fee is paid. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge